IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| SHERWIN S. PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV 320-065 |
| ANTONIO CALDWELL, Warden; | ) |
| JAMES BLAIR, Deputy Warden; | ) |
| FAIRVIEW PARK HOSPITAL; | ) |
| KENNETH COWENS; BILLY | ) |
| McKENZIE, Inmate; JAMES MITCHEL, | ) |
| Inmate; UNIT MANAGER GIBBONS; | ) |
| PA OLIVER; HALL, Director of Nursing; | ) |
| LATISHA FRANKLIN, Deputy Warden; | ) |
| TIMOTHY C. WARD, Commissioner; | ) |
| MEDICAL COLLEGE OF GEORGIA; | ) |
| UNIT MANAGER JACKSON; JOHNSON | ) |
| MESSER, Deputy Warden; CHIEF | ) |
| COUNSELER BRAGG; and ALFRED | ) |
| LUNDY, Inmate, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. (Doc. no. 1.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

**I.     BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

**II.    DISCUSSION**

    **A.     Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)**

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes: (1) Perkins v. Seeliger, et al., 1:10-CV-2846-TWT (N.D. Ga. Nov. 9, 2010) (dismissing for failure to state a claim); (2) Perkins v. Kelley, 1:09-CV-0768-TWT (N.D. Ga. Apr. 2, 2009) (dismissing for failure to state a claim); and (3) Perkins v Bank America, et al., 1:06-CV-2239-TWT (N.D. Ga. Oct. 3, 2006) (dismissing for failure to state a claim); see also Perkins v. Ga. Department

Of Corrections, 1:18-CV-2329-TWT-JKL (N.D. Ga. July 23, 2018) (dismissing for three strikes under § 1915(g)); Perkins v. Washington, 1:11-cv-02590-TWT (N.D. Ga. Sept. 21, 2011) (dismissing for three strikes under § 1915(g)).  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff, who is wheelchair-bound and suffers from cataracts in both eyes, alleges an assault by Defendants McKenzie and Mitchel, both of whom are inmates.  (Doc. no. 1, p. 4.)  Plaintiff asserts Defendant Blair failed to file criminal charges against McKenzie and Mitchel, and Defendant Fairview Park Hospital and Dr. Cowens failed to treat his injuries.  (Id.)

Allegations of past physical injury are insufficient to satisfy the imminent danger exception.  Medberry, 185 F.3d at 1193.  While denial of medical care is allegedly ongoing, Plaintiff does not allege any imminent danger of serious physical injury, but instead merely alleges lingering pain caused by denial of surgery and pain medication.  Mitchell, 873 F.3d at 874.  Plaintiff also alleges denial of outdoor access, which is insufficient to establish imminent danger of serious physical injury.  See Daker v. Dozier, No. 5:18-CV-245-TES-CHW, 2019 WL 826481, at *8 (M.D. Ga. Feb. 21, 2019) (finding alleged denial of outdoor exercise insufficient to establish imminent danger of serious physical injury); See also Gaither v. Bobbit, CV 620-004 (S.D. Ga. Mar. 13, 2020) (same).

For these reasons, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. The Complaint Should Also Be Dismissed Because Plaintiff Failed to Disclose His Prior Cases and His Acquiring Three Strikes under the PLRA

The form complaint Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in federal court dealing with facts other than those involved in the current action, and (3) the disposition of any such lawsuits. (Doc. no. 1, pp. 1-2.)  The prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition. (Id.)  If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id.)

Here, pursuant to Federal Rule of Civil Procedure 11 and under penalty of perjury, (Id. at 5), Plaintiff disclosed a total of four cases.  However, the Court is aware of at least three other cases Plaintiff filed which he failed to disclose:  (1) Perkins v. Primus, CV 320-064 (S.D. Ga. filed August 9, 2020); (2) Perkins v. Emmons, CV 316-094 (S.D. Ga. Jan. 3, 2017); and (3) Perkins v. Washington, 1:11-cv-02590-TWT (N.D. Ga. Sept. 21, 2011).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under penalty

4

of perjury about the existence of a prior lawsuit, <u>Arocho</u>. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

<u>Rivera</u>, 144 F.3d at 731; <u>see also</u> <u>Sears v. Haas</u>, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); <u>Redmon v. Lake Cty. Sheriff's Office</u>, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); <u>Young v. Sec'y Fla. for Dep't of Corr.</u>, 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); <u>Alexander v. Salvador</u>, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* <u>Alexander v. Salvador</u>, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well-established in the Southern District of Georgia. <u>See, e.g.</u>, <u>Brown v. Wright</u>, CV 111-044 (S.D. Ga. June 17, 2011); <u>Hood v. Tompkins</u>, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Plaintiff's answers were blatantly dishonest, and therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

### III.    CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 20th day of October, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA